**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-50118

JIM AND LAVERNE TAYLOR,

Plaintiffs-Appellants,

VERSUS

REPUBLIC BANKERS LIFE INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(W-93-CV-378)

February 19, 1998

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Neither party has questioned the jurisdiction of the district court (indeed, the parties stipulated to jurisdiction), but "it is the duty of this court to see to it that the jurisdiction of the [district court], which is defined and limited by statute, is not exceeded." *Louisville & Nashville R. R. v. Mottley,* 211 U.S. 149, 152 (1908) (*quoted in City of Kenosha v. Bruno,* 412 U.S. 507, 511 (1973)). Section 1132 of ERISA extends federal jurisdiction to

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enforce benefits due participants or beneficiaries of a federally regulated "employee welfare benefit plan." In removing the case to federal court, the appellee alleged that the Taylors' state law claims were governed by ERISA because the 1991 Republic policy at issue in this case was used to fund employee health benefits for eligible employees of Family Finance, including the Taylors. Because the subject policy lists only the Taylors as insureds, and because no "employees" (as defined by 29 C.F.R. § 2510.3-3) appear to be covered by the policy, a question has arisen as to whether this insurance policy qualifies as an "employee welfare benefit plan" under ERISA. *See, e.g., Meredith v. Time Ins. Co.,* 980 F.2d 352 (5th Cir. 1993) (discussing the contours of employee welfare benefit plans covered under ERISA). Furthermore, the record is unclear whether any other Republic (or other) insurance policy or policies existed that would qualify as an ERISA plan and what relationship such policies might have with the subject policy. In short, we have a serious question whether the district court had subject matter jurisdiction over this case.

Moreover, Section 1132 of ERISA grants standing only to plan "participants" or "beneficiaries" to bring a civil suit to recover benefits. If, but only if, a viable ERISA plan exists in this case, the question whether the Taylors have standing to bring suit under ERISA must be considered. *Compare Kwatcher v. Massachusetts Employees Welfare Fund,* 879 F.2d 957 (1st Cir. 1989); *Madonia v.*

2

*Blue Cross & Blue Shield of Va.,* 11 F.3d 444 (4th Cir. 1993), *cert. denied,* 511 U.S. 1019 (1994); *Robinson v. Linomaz,* 58 F.3d 365 (8th Cir. 1995).

Therefore, we vacate the judgment of the district court and remand this case for the limited purpose of obtaining further findings of fact and conclusions of law on these jurisdictional issues. On remand, the district court has the discretion to devise a method for resolving these issues concerning the existence of an ERISA plan and the appellants' standing to sue. To that end, the court may consider affidavits, allow further discovery and briefing by the parties, and conduct an evidentiary hearing. If the court chooses to allow additional discovery, it should be limited to only that which is necessary to determine the jurisdictional issues.

If the district court finds that no ERISA plan exists so that subject matter jurisdiction is lacking, or that an ERISA plan exists but the Taylors do not have standing, the court is ordered to remand the case to Texas state court where the suit was originally filed. If, on the other hand, the district court finds that an ERISA plan exists and that the Taylors have standing, then the court shall reinstate its judgment and supplement the record on appeal with the evidence presented on remand and the court's findings and conclusions.

Although a new notice of appeal must be filed if any party

3

wishes to appeal the district court's new judgment, and the parties may brief the district court's jurisdictional conclusions, the parties need not submit additional briefs on the merits. The court will use the briefs from this appeal for any further appeal on the merits issues. Any new appeal shall be sent to this panel.

VACATED AND REMANDED with instructions.